UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DORCAS GITHINJI and JASON SHRIVER,<br><br>                    Plaintiffs,<br><br>      v.<br><br>OLYMPIA POLICE DEPARTMENT, et al.,<br><br>                    Defendants. | CASE NO. C22-5138 MJP<br><br>ORDER GRANTING MOTION FOR CONTINUANCE |

This matter comes before the Court on Plaintiffs' Motion for Continuance. (Dkt. No. 35.) Having reviewed the Motion, Defendants' Responses (Dkt. Nos. 38, 40), the Reply (Dkt. No. 42), and all supporting materials, the Court GRANTS the Motion.

**BACKGROUND**

Plaintiffs seek a three-month extension of the trial date and certain interim case deadlines. Under the existing case schedule, trial is set for December 4, 2023, and the relevant interim deadlines are: (1) expert witness disclosures due by May 8, 2023; (2) discovery motions due by

1 June 7, 2023; (3) discovery to conclude by July 7, 2023; and (4) dispositive motions due by
2 August 7, 2023. (See Order Granting Joint Stipulated Motion Amending Case Schedule and Trial
3 Date (Dkt. No. 20).) Plaintiffs identify three reasons for the requested extension.

4      First, Plaintiffs assert that they only recently obtained the names of the SWAT members
5 involved in the arrest at issue and need more time to complete discovery of these ten individuals.
6 Plaintiff first requested this information from the Olympia Police Department and the individual
7 officer defendants (collectively "OPD") in March 2022. (Declaration of Jonah Ohm Campbell ¶
8 1 (Dkt. No. 36).) In June 2022, OPD informed Plaintiffs that the SWAT members were
9 employees of the Thurston County Sheriff's Office (TCSO). (Id. Ex. 1.) Plaintiffs then named
10 TCSO as a defendant in this action in October 2022. (Id. ¶ 2.) But TCSO did not provide any
11 initial disclosures after appearing in this action, as required by Rule 26(a)(1). (Id.) Plaintiffs
12 served discovery on TCSO on February 8, 2023, and TCSO responded on April 10, 2023, after
13 Plaintiffs agreed to an extension. (Id. ¶¶ 3-5 & Ex. 2.) Through this response, Plaintiffs learned
14 for the first time the names of the ten SWAT members involved. (Id. ¶¶ 2, 5, & Ex. 2.) In
15 response to the Motion for Continuance, TCSO asserts that its failure to provide initial
16 disclosures was a mere oversight and that there remains sufficient time for Plaintiffs to complete
17 discovery before the July 7th deadline. (TCSO Resp. at 1-3 (Dkt. No. 40).) TCSO also argues
18 that Plaintiffs could have obtained this discovery earlier. (Id. at 3-4.)

19      Second, Plaintiffs claim to need three additional weeks to complete their damages expert
20 reports on the theory that they need to gather further medical records. (Campbell Decl. ¶ 10 &
21 Ex. 5.) Defendants point out that Plaintiffs waited until the expert disclosure deadline to make
22 this request and that Defendants declined to agree given their inability to complete rebuttal
23 expert discovery within the existing case deadlines. (Id. Ex. 5.)

24

ORDER GRANTING MOTION FOR CONTINUANCE - 2

1  Third, Plaintiffs seek more time for discovery because Defendants did not provide expert-related materials in response to Plaintiffs' discovery requests. Specifically, Plaintiffs' initial discovery to TCSO asked to produce all materials any expert would rely on. (Campbell Decl. Ex. 2.) TCSO disclosed their expert reports by the May 8, 2023, deadline, but did not provide any of the billing, correspondence, notes or drafts, as requested by Plaintiffs in discovery. (Campbell Decl. ¶¶ 6-7.) TCSO then provided additional documents relating to one expert on May 23, 2023, but it has never supplemented its response to Plaintiffs' discovery. (Second Declaration of Jonah Ohm Campbell ¶¶ 2-4 (Dkt. No. 43).)

Defendants assert that they will be prejudiced by an extension of any of the case deadlines. First, OPD states that extending the trial date "works an inconvenience and hardship on the ten individual defendants who are being sued in this matter and who will have to wait that much longer to have this matter resolved." (OPD Resp. at 5.) Counsel for OPD also points out he has a trial set for March/April 2024. (Id.) Second, TCSO asserts without support that allowing Plaintiffs more time to serve expert reports would "dramatically prejudice defendants." (TCSO Resp. at 4.)

**ANALYSIS**

Rule 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); Local Rule 16(b)(6). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "Mere failure to complete discovery within the time allowed does not constitute good cause for an

ORDER GRANTING MOTION FOR CONTINUANCE - 3

extension or continuance." Local Rule 16(b)(6). "If [the] party [seeking the extension] was not diligent, the inquiry should end." Johnson, 975 F.2d at 609.

The Court here finds good cause to permit the requested extension of the trial date and interim case deadlines. The Court finds good cause to allow the extension of the trial and case deadlines primarily because of the late disclosure of the SWAT members involved in the arrest. TCSO should have disclosed this information with its initial disclosures under Rule 26(a)(1), and TCSO admits its oversight. While Plaintiffs could have acted more promptly in propounding discovery to obtain the identities of these individuals once TCSO became a party, the Court does not find that the delay unreasonable. Nor is the Court convinced that Plaintiffs would have had sufficient time to conduct discovery into these ten individuals from the date they were disclosed until the July discovery cut-off. On balance the Court finds that Plaintiffs have been sufficiently diligent to warrant an extension of the case deadlines and trial date. The Court is also unconvinced that Defendants will suffer any prejudice from the requested extension. Neither set of defendant identifies an actual prejudice, identifying, at most, an inconvenience. The Court finds no prejudice will result from an extension.

To accommodate the additional discovery sought, the Court finds good cause to extend the trial date and interim case deadlines from the expert disclosure deadlines through trial. The Court extends the expert disclosure deadline in order to allow Plaintiffs the additional time they sought to obtain medical records and finalize their expert report. While the Court finds Plaintiffs' need for additional time for expert discovery to evidence limited diligence, the Court finds sufficient good cause to allow it and that Defendants will not be prejudiced because they will have additional time to conduct expert rebuttal discovery. The Court therefore GRANTS the Motion and sets the following new trial date and interim deadlines:

| Deadline | Existing Deadline | New Deadline |
|---|---|---|
| JURY TRIAL DATE | December 4, 2023 | May 6, 2024 at 9:00 AM |
| Reports from expert witness under FRCP 26(a)(2) due | May 8, 2023 | October 10, 2023 |
| All motions related to discovery must be filed by and noted on the motion calendar on the third Friday thereafter (see CR7(d)) | June 7, 2023 | November 8, 2023 |
| Discovery completed by | July 7, 2023 | December 8, 2023 |
| All dispositive motions must be filed by and noted on the motion calendar on the fourth Friday thereafter (see CR7(d)) | August 7, 2023 | January 8, 2024 |
| All motions in limine must be filed by and noted on the motion calendar no earlier than the third Friday thereafter and no later than the Friday before the pretrial conference. | October 30, 2023 | April 1, 2024 |
| Agreed pretrial order due | November 21, 2023 | April 23, 2024 |
| Trial briefs, proposed voir dire questions, and proposed jury instructions: | November 21, 2023 | April 23, 2024 |
| Pretrial conference | November 29, 2023 at 1:30 PM | April 30, 2024 at 1:30 PM |
| Length of Jury Trial | 10 Days | 10 Days |

The clerk is ordered to provide copies of this order to all counsel.

Dated June 21, 2023.

Marsha J. Pechman
United States Senior District Judge